**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHARLES P. RICHARDSON, JR.,
individually and PARKS FAMILY,
LLC, derivatively on behalf of
INTELHEART INTERNATIONAL,
INC., and AMI CARDIAC
MONITORING, LLC,

    Plaintiffs,

v.                                                Case No. 3:18-cv-1294-J-32PDB

DOROTHY D. GLODEK, an
individual, D. GLODEK
LUCKETTS FAMILY, LLC, a
Wyoming company, LYNDA COLE,
an individual, DMS-SERVICE, LLC,
a Nevada company, INTELHEART
INTERNATIONAL, INC., a
Delaware Corporation, and AMI
CARDIAC MONITORING, LLC, a
Maryland company,

    Defendants,

and

INTELHEART INTERNATIONAL, INC.
a Delaware corporation, and AMI
CARDIAC MONITORING, LLC, a
Maryland company,

    Nominal Defendants.

_____

**O R D E R**

This case is before the Court on Defendants Dorothy Glodek, Glodek Lucketts Family, LLC, Lynda Cole, and DMS-Service, LLC's motion to dismiss. (Doc. 18). Plaintiffs Dr. Charles Richardson, Jr., Parks Family, LLC, IntelHeart International, Inc., and AMI Cardiac Monitoring, LLC filed a response. (Doc. 29).

Dorothy Glodek is a former pediatric cardiac care nurse who founded AMI Cardiac Monitoring, LLC, a boutique ambulatory cardiac monitoring company that provides remote heart monitoring services and data analytics. (Doc. 1 ¶ 15). Plaintiffs allege that in early 2017, Glodek fraudulently induced Charles Richardson, Jr., "a doctor, inventor, and entrepreneur" who develops cardiology-related biotechnology, medical devices, and pharmaceuticals, to enter a joint business venture. (Doc. 1 ¶¶ 14-16). Richardson and Glodek met on several occasions in Florida and North Carolina to discuss the opportunity, with Glodek providing select AMI records to Richardson to demonstrate its financial stability. (Doc. 1 ¶¶ 16-20).

On May 13, 2017, Richardson and Glodek signed a Contribution and Exchange Agreement, which provided that they would make various transfers to holding company IntelHeart International, LLC.[1] (Doc. 1 ¶ 22). Specifically,

---

[1] Paragraph 22 says IntelHeart International, LLC, but the Court believes this may be a typo and Plaintiffs intended to write "Inc." instead of

2

Glodek would transfer her entire interest in AMI to IntelHeart, and Richardson would transfer certain proprietary technology he developed and owned to an IntelHeart subsidiary. (Doc. 1 ¶ 22).

Once the deal closed, Richardson asked for updated, complete financials regarding AMI, but Glodek allegedly ignored his request. (Doc. 1 ¶ 23). Eventually, Glodek disclosed some of AMI's financial information, which caused Richardson to suspect that Glodek was misappropriating AMI funds for personal use. (Doc. 1 ¶¶ 24-29). Further, Richardson allegedly discovered that Glodek caused AMI to enter into purchasing agreements with one of its vendors, DMS-Service, LLC, for fraudulent, non-FDA-approved Holter heart patches. (Doc. 1 ¶¶ 30-31). AMI would overpay DMS for the patches, and Glodek and DMS's president, Lynda Cole, would share the profits. (Doc. 1 ¶ 31).

On November 2, 2018, Plaintiffs filed a seven count complaint, invoking the Court's diversity jurisdiction and alleging claims of fraudulent activity, breaches of fiduciary duties, conspiracy, and violations of FDUTPA. (Doc. 1 ¶ 1). Defendants raise a litany of arguments regarding why the complaint should be dismissed under Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(2), 12(b)(3), 12(b)(6), and 41(b). (Doc. 18). Plaintiffs concede the need to replead, transfer, or dismiss numerous claims and parties. (Doc. 29). Under these circumstances, the

---

"LLC." (Doc. 1 ¶ 22).

Court will dismiss the complaint with leave to amend and will only briefly discuss some of the more prominent issues.[2] Otherwise, the Court directs Plaintiffs to address the deficiencies raised in the motion to dismiss when drafting their amended complaint.

First, Plaintiffs have alleged two counts of fraud: a fraudulent inducement claim against Glodek (Count I) (Doc. 1 ¶¶ 36-41); and a derivative fraud claim against Cole and DMS (Count V) (Doc. 1 ¶¶ 54-60). While Defendants primarily argue that the Court lacks personal jurisdiction here, they also argue that the fraud claims lack sufficient particularity to satisfy Rule 9(b). (Doc. 18 at 12-13).

"In Florida, before a court addresses the question of whether specific jurisdiction exists under the long-arm statute, the court must determine whether the allegations of the complaint state a cause of action." PVC Windoors, Inc. v. Babbitbay Beach Const., N.V., 598 F.3d 802, 808 (11th Cir. 2010) (internal quotations omitted) (quoting Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002)). Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the "particularity" standard, the Eleventh Circuit generally requires that a complaint identify: (1) the precise statements, documents, or misrepresentations made; (2) the time

---

[2] Several counts are due to be dismissed on numerous grounds, and therefore may appear multiple times in the analysis of different issues.

and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the defendant gains by the alleged fraud. W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (citations omitted). Further, Rule 9(b) requires more than conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud. Id.

Defendants correctly explain the reasons for which the fraud counts do not satisfy Rule 9(b) (Doc. 18 at 12-13), and Plaintiffs request that they be given leave to amend their fraud claims to address these concerns (Doc. 29 at 4). Under these circumstances, the Court finds that Counts I and V fail to allege fraud with sufficient particularity and are due to be dismissed.[3]

Second, Counts II-VII allege derivative claims on behalf of AMI. But as Defendants argue and Plaintiffs concede, the complaint fails to comply with Federal Rule of Civil Procedure 23.1.[4] (Doc. 29 at 5-6). Because the complaint

---

[3] The Court is mindful that Glodek disputes this Court's personal jurisdiction over her but cannot address this issue because the fraud claim against her does not state a cause of action in its current form.

[4] Rule 23.1 states:

(b) Pleading Requirements. The complaint must be verified and must:

(1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;

(2) allege that the action is not a collusive one to confer jurisdiction that

5

is not verified and fails to state with sufficient particularity the futility of making a demand, these claims are due to be dismissed.[5]

Third, Plaintiffs concede that their claims against Cole and DMS (Counts V-VI) would be more properly brought in the United States District Court for the District of Maryland. (Doc. 29 at 6). Although Plaintiffs request that the Court transfer the claims rather than dismiss them, the Court is not satisfied that Plaintiffs have stated a claim in those counts and is not inclined to transfer claims that may not satisfy the Federal Rules of Civil Procedure. Thus, the Court will dismiss without prejudice Counts V and VI. Plaintiffs are free to refile those claims in the court of their choosing.

---

the court would otherwise lack; and

    (3) state with particularity:

        (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and

        (B) the reasons for not obtaining the action or not making the effort.

Fed. R. Civ. P. 23.1.

[5] In addition, regarding Count III (breach of duty of loyalty/misappropriation of business assets), it is unclear whether Plaintiffs intend to plead two separate causes of action, which is not appropriate, or whether this is one cause of action for breach of the duty of loyalty by misappropriating business assets. See Edwards v. Fla. Dep't of Children & Families, No. 6:06-CV836-ORL-22DAB, 2007 WL 1106130, at *3 n.3 (M.D. Fla. Apr. 11, 2007) ("combining two causes of action in one count, as in Count IV, is not appropriate"). While it appears to be the latter, should Plaintiffs replead Count III, they shall clarify this point.

Finally, Plaintiffs have conceded to the voluntary dismissal without prejudice of Count VII, a FDUTPA claim against Cole and DMS. (Doc. 29 at 7). In addition, Plaintiffs have agreed to voluntarily dismiss Defendants D. Glodek Lucketts Family, LLC and IntelHeart International, Inc. (Doc. 29 at 8).

In sum, the complaint is due to be dismissed on the grounds explained above. However, Defendants raised several additional issues in the motion to dismiss regarding whether the Court has personal jurisdiction over Glodek, whether this is the proper venue for this action, and whether Plaintiffs' claims regarding the patches comply with Rule 8. While the Court has not prejudged any of these issues, Plaintiffs should take them into careful consideration if they choose to file an amended complaint.

Accordingly, it is hereby

**ORDERED:**

1. Defendants' motion to dismiss (Doc. 18) is **GRANTED** to the extent stated in this Order.

2. The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiffs may file an amended complaint which comports with this Order by **August 9, 2019**.

4. Defendant Glodek shall file an answer or motion to dismiss by **August 30, 2019**.

5. If a motion to dismiss is filed, Plaintiffs shall file a response by **September 20, 2019**.

6. The parties shall file a case management report by **August 30, 2019**.

**DONE AND ORDERED** in Jacksonville, Florida the 11th day of July, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

sej
Copies:

Counsel of record